## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARISCOS EL VENENO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 16 cv 1937 |
| PEREZ ENTREPRESIDES, CORP., | ) | |
| d/b/a EL VENENO DE LA VILLITA, | ) | |
| | ) | |
| Defendant. | ) | |

### Complaint

NOW COMES the Plaintiff, MARISCOS EL VENENO, INC. (hereinafter, "Plaintiff" or "El Veneno"), by and through its attorneys, TRISTAN & CERVANTES and in support of its Complaint for an Injunction and Other Relief, states the following:

### PARTIES

1. Plaintiff, EL VENENO, is, and at all times material hereto, a corporation organized and existing under the laws of Illinois with a principal place of business at 6651 S. Pulaski Rd., Chicago, Illinois 60629.

2. Plaintiff owns numerous restaurants under the El Veneno name including the above stated, 6835 S. Pulaski Rd., and a location in Atlanta, Georgia, which all offer Mexican seafood restaurant services.

3. Upon information and belief, PEREZ ENTREPRESIDES, CORP., d/b/a EL VENENO DE LA VILLITA, located at 3857 W. 26th St., Chicago, IL 60623, (hereinafter, "Defendant"), is a corporation formed and existing under the laws of the State of Illinois and is conducting business as a Mariscos El Veneno restaurant and is subject to the jurisdiction of this Court.

1

## JURISDICTION AND VENUE

4. This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 *et seq*,. as well as Illinois statutory and common law.

5. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because it involves an action arising under the Lanham Act.

6. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant resides in this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b), because Defendant resides in this District and a substantial part of the activities giving rise to the claims alleged herein occurred in this District.

## INTRODUCTORY FACTS

8. Plaintiff, El Veneno, is a restaurant company that offers a broad range of Mexican seafood items for dine-in and take-out and is located in Chicago, Illinois.

9. Plaintiff now owns and operates multiple restaurants, located at 6651 S. Pulaski Rd. and 6835 S. Pulaski Rd., both in Chicago, Illinois, and both under the names and marks "Mariscos El Veneno" and "El Veneno." Plaintiff also owns a restaurant in Atlanta, Georgia.

10. Plaintiff began using the Mariscos El Veneno mark around December 2004, and registered the name "El Veneno" as U.S. Service Mark Registration No. 3,257,464 on July 3, 2007 for restaurant services. *See* **Exhibit A**.

11. On August 6, 2010, Plaintiff also registered the mark "Mariscos El Veneno." *See* **Exhibit B**.

2

12. Since at December 2004, Plaintiff has invested substantial time, effort, and resources in promoting and marketing its restaurant services under and in connection with its El Veneno mark. Plaintiff has promoted and marketed its restaurant services in connection with its El Veneno mark in printed media and in other ways customary in the industry. Additionally, Plaintiff's restaurant and mark has been featured in online reviews and in regional publications.

13. As a result of Plaintiff's continuous and extensive use of its El Veneno mark in connection with its restaurant, its mark has developed considerable customer recognition. Thus, the El Veneno mark has acquired a distinctiveness and secondary meaning signifying El Veneno and the services it offers.

14. The customer goodwill and recognition constitutes one of El Veneno's most valuable assets. Accordingly, the integrity of the El Veneno mark is extremely important to El Veneno and is crucial to the continued vitality and growth of El Veneno's business.

15. On information and belief, Defendant formed its company, PEREZ ENTERPRESIDES, CORP. with its principal place of business at 3857 W. 26th St., Chicago, IL 60623 and began doing business as a restaurant under the name d/b/a El Veneno De La Villita and using the El Veneno mark. *See* **Exhibit C**.

16. Plaintiff has not received any amounts as payment for Defendant's use of the El Veneno mark.

17. Upon discovering Defendant's use of the El Veneno mark, Plaintiff demanded that Defendant cease use of the El Veneno name and mark because such use is likely to cause consumer confusion with El Veneno and the services it offers under and in

connection with its El Veneno mark. *See* **Exhibit D**, Cease and Desist Letter and Return Receipt.

18. Defendant received such Cease and Desist letters and has refused to cease promoting its restaurants under and in connection with the El Veneno mark.

19. Plaintiff brings this action to protect one of its most valuable assets, the good will and consumer recognition associated with its service mark and trade name, which Plaintiff has used in connection with its restaurant services.

20. Defendant has continued use of the protected mark in connection with its restaurant without authorization from Plaintiff and with knowledge that El Veneno's mark is federally-registered and protected.

21. Pursuant to 15 U.S.C. § 1072, Defendant has had constructive knowledge of El Veneno's federally-registered mark prior to Defendant's unauthorized use of the El Veneno mark, which is confusingly similar to El Veneno's registered mark.

22. Upon information and belief, Defendant has also had actual knowledge of El Veneno's longstanding use and ownership of its El Veneno mark. Thus, Defendant knowingly and willfully adopted, used and continue to use a mark confusingly similar to El Veneno's mark with constructive and actual knowledge of El Veneno's mark.

23. Defendant continued use of the El Veneno mark in connection with its offering of identical services is likely to lead consumers to incorrectly believe that Defendant or its restaurant services are authorized by, sponsored by, or affiliated with El Veneno and its well-known mark and restaurant services.

24. Plaintiff brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its El Veneno service mark and

trade name, which Plaintiff has used for years in connection with its restaurant services.

25. Defendant's use of the service mark and trade name El Veneno infringes upon Plaintiff's rights in its name and mark, and should therefore be enjoined.

## COUNT I: TRADEMARK INFRINGEMENT IN
## VIOLATION OF 15 U.S.C. § 1114.

26. Plaintiff, El Veneno, realleges and incorporates herein paragraphs 1 through 25 of this Complaint.

27. Defendant's aforementioned use of the El Veneno name and mark in connection with restaurant services is without El Veneno's authorization or consent.

28. Defendant's unauthorized use of the El Veneno name and mark in connection with its promotion and provision of restaurant services is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant or its services with El Veneno and its federally-registered El Veneno mark in violation of 15 U.S.C. § 1114(1)(a).

29. Defendant's unauthorized conduct has deprived and will continue to deprive El Veneno of its ability to control the consumer perception of its restaurant services provided in connection with its El Veneno mark, placing the valuable reputation and goodwill of El Veneno in the hands of Defendant, over whom El Veneno has no control.

30. As a result of Defendant's conduct, El Veneno has suffered substantial damage and irreparable harm to its El Veneno mark, constituting an injury for which El Veneno has no adequate remedy at law.

31. Unless this Court enjoins Defendant's conduct, El Veneno will continue to suffer irreparable harm.

## COUNT II: FALSE DESIGNATION OF ORIGIN
## IN VIOLATION OF 15 U.S.C. § 1125.

32. El Veneno realleges and incorporates herein paragraphs 1 through 25 of this Complaint.

33. Defendant's actions complained of herein are likely to cause confusion, mistake, or deception among consumers as to an affiliation, connection or association of Defendant's services with El Veneno and its El Veneno mark, and as to the origin, sponsorship or approval of Defendant and its services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's unauthorized conduct has deprived and will continue to deprive El Veneno of the ability to control the consumer perception of its restaurant services provided in connection with its El Veneno mark, placing the valuable reputation and goodwill of El Veneno in the hands of Defendant, over whom El Veneno has no control.

35. As a result of Defendant's conduct, El Veneno has suffered substantial damage and irreparable harm to its El Veneno mark, constituting an injury for which El Veneno has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, El Veneno will continue to suffer irreparable harm.

## COUNT III: VIOLATION OF THE ILLINOIS DECEPTIVE
## TRADE PRACTICES ACT 815 ILCS 510/1 ET SEQ.

36. El Veneno realleges and incorporates herein paragraphs 1 through 25 of this Complaint.

37. Defendant's actions complained of herein constitute unfair trade practices in violation of 815 ILCS 510/1 et seq. in that Defendant's conduct causes likelihood of confusion with or misunderstanding as to affiliation, connection, or association with El Veneno and its services provided in connection with the El Veneno mark.

38. Because Defendant has had actual and constructive notice of El Veneno's prior use of and rights in its El Veneno mark before Defendant began using the El Veneno mark, Defendant willfully engaged in unfair trade practices in violation of Illinois law.

39. Defendant intended the general public to rely on its misrepresentation of affiliation with the El Veneno mark in order to induce patronage of its restaurant through association with the goodwill Plaintiff has generated in the mark.

40. Defendant used the El Veneno mark in the course of its trade in commerce as the Defendant is an active restaurant advertising themselves to the general public with the use of the El Veneno mark.

41. As a result of Defendant's conduct, El Veneno is likely to suffer, and has in fact already suffered, commercial damage and pecuniary harm.

**COUNT IV: VIOLATION OF THE ILLINOIS CONSUMER FRUAD
AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1 ET SEQ.**

42. El Veneno realleges and incorporates herein paragraphs 1 through 25 of this Complaint.

43. Defendant's actions complained of herein constitute unfair trade practices in violation of 815 ILCS 505/1 et seq. in that Defendant's conduct causes likelihood of confusion

with or misunderstanding as to affiliation, connection, or association with El Veneno
and its services provided in connection with the El Veneno mark.

44. The acts, practices, and conduct of Defendant, alleged herein, constitutes unfair and
deceptive business practices and consumer fraud in violation of the Illinois Consumer
Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., in that said acts
and practices are likely to lead the public to conclude, incorrectly, that the restaurant
services being advertised and provided by the Defendant, originates with, is
sponsored by, or are authorized by Plaintiff El Veneno, to the damage and harm of El
Veneno and the public.

45. Because Defendant had actual and constructive notice of El Veneno's prior use of and
rights in its El Veneno mark before Defendant began using the El Veneno mark,
Defendant willfully engaged in unfair trade practices in violation of Illinois law.

46. Defendant intended the general public to rely on its misrepresentation of affiliation
with the El Veneno mark in order to induce patronage of its restaurant through
association with the goodwill Plaintiff has generated in the mark.

47. Defendant used the El Veneno mark in the course of its trade in commerce as the
Defendant is an active restaurant advertising themselves to the general public with the
use of the El Veneno mark.

48. As a direct and proximate result of Defendant's conduct, alleged herein, El Veneno is
likely to suffer, and has in fact already suffered, commercial damage and pecuniary
harm.

49. Defendant's acts, practices, and conduct, as alleged herein, have resulted in an illicit
gain of profit to Defendant.

8

## COUNT V: UNFAIR COMPETITION IN VIOLATION
## OF ILLINOIS COMMON LAW

50. El Veneno realleges and incorporates herein paragraphs 1 through 25 of this
Complaint.

51. Defendant's actions complained of herein constitute unfair competition in violation of
Illinois common law, as the aforementioned acts constitute an intentional
misappropriation of El Veneno's mark, reputation, and commercial advantage.

52. As a result of Defendant's aforementioned conduct, El Veneno has suffered
substantial damage and irreparable harm constituting an injury for which El Veneno
has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, El
Veneno will continue to suffer irreparable harm.

## COUNT VI: COMMON LAW SERVICE MARK INFRINGEMENT

53. El Veneno realleges and incorporates herein paragraphs 1 through 25 of this
Complaint.

54. El Veneno is the owner of valid common law rights in its El Veneno mark which it
has used continuously and in connection with the provision of its restaurant services
long prior to Defendant's adoption and first use of the El Veneno mark.

55. Defendant's actions complained of herein are likely to cause confusion, mistake, or
deception among consumers as to an affiliation, connection or association of
Defendant's services with El Veneno and its El Veneno mark, and as to the origin,
sponsorship or approval of Defendant and its services in violation of Illinois common
law.

56. Defendant's unauthorized conduct also has deprived and will continue to deprive El Veneno of the ability to control the consumer perception of its restaurant services provided in connection with its El Veneno mark, placing the valuable reputation and goodwill of El Veneno in the hands of Defendant, over whom El Veneno has no control.

57. Because Defendant has had actual and constructive notice of El Veneno's prior use of and rights in its El Veneno mark before Defendant began using the El Veneno mark, Defendant willfully engaged in common law service mark infringement in violation of Illinois law.

58. As a result of Defendant's conduct, El Veneno is likely to suffer, and has in fact already suffered, commercial damage and pecuniary harm.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, Plaintiff, MARISCOS EL VENENO, INC., requests that this Court enter a judgment in favor of El Veneno and against Defendant as follows:

A. Declaring that Defendant has infringed El Veneno's mark and have engaged in deceptive trade practices and unfair competition;

B. Permanently enjoining and restraining Defendant, its agents, servants, employees, attorneys, and any other persons in active concert or participation with them from:

(1) Using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or Internet domain name that is comprised in whole or in part of

the term El Veneno, or any term confusingly similar to the El Veneno mark; or

    (2) Doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with El Veneno's business, or that is likely to injure or damages El Veneno's name, marks or business; and

C.  Requiring that Defendant:

    (1) Reimburse El Veneno for all damages it has suffered due to Defendant's acts complained of herein;

    (2) Pay to El Veneno exemplary damages;

    (3) Deliver to El Veneno's counsel for destruction all promotional materials, products, advertisements, signs, brochures, packages, menus, and other printed materials bearing the El Veneno mark or any other marks confusingly similar to the El Veneno mark and all plates, molds, matrices, screens or other means for making the same that are in its possession or control within ten (10) days of the entry of the Order;

    (4) Reimburse El Veneno for all the costs it has incurred in bringing this action, together with its reasonable attorneys' fees and disbursements; and

D.  Awarding El Veneno such other and further relief as this Court deems equitable.

MARISCOS EL VENENO, INC.

BY: /s/ Pedro Cervantes

One of its Attorneys

Pedro Cervantes
Emily Jenkinson
TRISTAN & CERVANTES
30 W. Monroe, Suite 630
Chicago, Illinois 60603
(312) 345-9200
pcervantes@tristancervantes.com
ejenkinson@tristancervantes.com

11